**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PHILLIP J. T., | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 19-CV-168-JFJ |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|       Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Phillip J. T. seeks judicial review of the decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for disability benefits under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i) and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For reasons explained below, the Court affirms the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**I.    General Legal Standards and Standard of Review**

"Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence," such as medical signs and laboratory findings, from an "acceptable medical source," such as a licensed and certified psychologist or licensed physician;

the plaintiff's own "statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment(s)." 20 C.F.R. §§ 404.1521, 416.921. *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functioning capacity ("RFC"), whether the impairment prevents the claimant from continuing her past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). If a claimant satisfies her burden of proof as to the first four steps, the burden shifts to the Commissioner at step five to establish the claimant can perform other work in the national economy. *Williams*, 844 F.2d at 751. "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." *Id.* at 750.

In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th

Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See id.* A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Procedural History and the ALJ's Decision

Plaintiff, then a 44-year-old male, applied for Title XVI disability benefits on March 31, 2015, alleging a disability onset date of September 7, 2011. R. 24, 253-258. Plaintiff's claim for benefits was denied initially on June 24, 2015, and on reconsideration on August 26, 2015. R. 131-134, 138-140. Plaintiff then requested a hearing before an ALJ, and the ALJ conducted a hearing on July 7, 2017. R. 43-67. The ALJ issued a decision on September 28, 2017, denying benefits and finding Plaintiff not disabled because he was able to perform other work existing in the national economy. R. 21-37. The Appeals Council denied review, and Plaintiff appealed. R. 6-10; ECF No. 2.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date of March 31, 2015. R. 26. At step two, the ALJ found that Plaintiff had the severe impairments of history of cardiovascular accident; history of atrial fibrillation; history of calluses and corns; mild neurocognitive disorder; depression; and anxiety. R. 26. He additionally found that Plaintiff's history of marijuana abuse was non-severe. *Id.* At step three, the ALJ found that Plaintiff had no impairment or combination of impairments that was of such severity to result in

3

listing-level impairments. R. 17. In assessing Plaintiff's mental impairments under the "paragraph B" criteria, the ALJ found that Plaintiff had moderate limitation in all four functional areas. R. 27-28.

After evaluating the objective and opinion evidence, Plaintiff's statements, and Plaintiff's mother's third-party statement, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of sedentary work as follows:

> [T]he claimant can lift and/or carry ten pounds occasionally and up to ten pounds frequently. He can stand and/or sit at least two hours in an 8-hour workday and sit at least six hours in an 8-hour workday. He can perform simple, repetitive tasks and relate to supervisors and co-workers only superficially. He cannot work with the public.

R. 28. Plaintiff had no past relevant work. R. 36. Based on the testimony of a vocational expert ("VE"), the ALJ found at step five that Plaintiff could perform other unskilled sedentary work, such as Document Preparer, and Semi-Conductor Bonder. R. 36-37. The ALJ determined the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). R. 37. Based on the VE's testimony, the ALJ concluded these positions existed in significant numbers in the national economy. *Id.* Accordingly, the ALJ concluded Plaintiff was not disabled.

### III. Issues

Plaintiff raises four allegations of error on appeal: (1) the ALJ's RFC is not supported by substantial evidence; (2) the ALJ's credibility findings are not supported by substantial evidence; (3) the ALJ failed to properly develop testimony from the VE; and (4) the decision was rendered by an ALJ whose appointment was invalid at the time he rendered his decision. ECF No. 18 at 5.

### IV. Analysis

#### A. RFC Is Supported by Substantial Evidence

Plaintiff argues that, in determining the RFC, (1) the ALJ improperly relied on

"boilerplate" conclusions without explanation, and (2) the ALJ's conclusion that Plaintiff could complete a full workday is not supported by substantial evidence. In support of the second argument, Plaintiff contends that "due to his anxiety, fatigue, concentration, and memory problems," he cannot work for a full eight-hour day, and "that a proper review of the record would reach [that] conclusion." ECF No. 18 at 7. Plaintiff did not cite any specific records supporting this argument in his opening brief. In his reply brief, Plaintiff more specifically argues the ALJ failed to consider the findings of two mental consultative examiners, Dr. Larry Vaught and Dr. River Smith. *See* ECF No. 22 at 1-2.

First, the Court finds the RFC is not based on "boilerplate" conclusions. Contrary to Plaintiff's assertions, the ALJ thoroughly discussed Plaintiff's entire medical record in detail, including his testimony, his mother's third-party statement, Plaintiff's non-compliance with recommended treatment, Plaintiff's lack of treatment for reported mental impairments, Plaintiff's refusal to allow doctors to treat medical complaints, and Plaintiff's reports of stopping all medications. R. 30-36. The ALJ summarized his RFC decision as follows:

> [T]he above [RFC] is supported by treatment records showing non-compliance in INR testing, no treatment for his reported mental impairments, and refusal to allow his doctors to treat his calluses and corns since 2013. Testing showed a normal bilateral median and ulnar motor and sensory, and radial sensory nerve conduction studies, normal needle EMG study of both arms, normal bilateral peroneal and posterior tibial motor and sural sensory nerve conduction studies, and normal need EMG of both legs. An EEG was normal for his age. Nothing in [his] treatment records indicates that the [Plaintiff] would be unable to work under the above [RFC].

R. 36. This is not mere "boilerplate" reasoning, and the Court rejects this general challenge to the entire RFC.

Second, the Court finds the ALJ's conclusion that Plaintiff could complete a full workday, despite his mental impairments, is supported by substantial evidence. The ALJ limited Plaintiff to "simple, repetitive tasks" with superficial contact with co-workers and supervisors and no public

5

interaction, in order to account for Plaintiff's moderate mental limitations. The ALJ concluded that the claimant's statements about any greater effects of his mental health symptoms were inconsistent with the record, because the claimant "has not obtained any mental health treatment or taken any medication for any mental health issues." R. 34.

The examination findings of Dr. Larry Vaught and Dr. River Smith do not require reversal or render the ALJ's decision unsupported by substantial evidence. The consultative examinations performed by Dr. Vaught on July 16, 2013, and Dr. Smith on June 6, 2015, are Plaintiff's only mental health records. R. 519-28, 602-06. At both consultative examinations, Plaintiff admitted that he "tried" antidepressant medication but stopped taking it. R. 523, 605. These records, therefore, support the ALJ's reasoning above. Further, the ALJ gave substantial weight to most of Dr. Vaught's opinion but found "nothing in the record to support [Dr. Vaught's] finding of marked limitations in the claimant's ability to understand, remember, and carry out complex instructions." R. 35. Instead, the ALJ adopted and relied on the agency physicians' more limited restrictions flowing from Plaintiff's mental impairments. R. 35. In this allegation of error, Plaintiff simply invites the court to re-weigh the evidence, which is not permitted. *See Hackett*, 395 F.3d at 1172; *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

      **B.**    **ALJ's Consistency Analysis Is Proper and Supported by Substantial Evidence[1]**

Plaintiff argues that the ALJ gave no "credibility" analysis beyond "boilerplate language," and that he failed to consider the "required" factors in Social Security Ruling 96-7p. ECF No. 18 at 8. In evaluating a claimant's symptoms, the ALJ must determine whether the claimant's statements about the intensity, persistence, and limiting effects of symptoms are consistent with

---

[1] Plaintiff references a failure to call a medical expert in the heading of this allegation of error, but fails to develop any argument in that regard, therefore that argument is waived. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 ("We will consider and discuss only those … contentions that have been adequately briefed for our review.").

6

the objective medical evidence and other evidence of record. SSR 16-3p. If they are consistent, then the ALJ "will determine that the individual's symptoms are more likely to reduce his or her capacities to perform work-related activities." *Id.* If they are inconsistent, then the ALJ "will determine that the individual's symptoms are less likely to reduce his or her capacities to perform work-related activities." *Id.* Factors the ALJ should consider in determining whether a claimant's pain is in fact disabling include the claimant's attempts to find relief and willingness to try any treatment prescribed; a claimant's regular contact with a doctor; the possibility that psychological disorders combine with physical problems; the claimant's daily activities; and the dosage, effectiveness, and side effects of the claimant's medication. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012); *see also* SSR 16-3p at *7 (listing similar factors); 20 C.F.R. § 416.929(c)(3). Consistency findings are "peculiarly the province of the finder of fact," and courts should "not upset such determinations when supported by substantial evidence." *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008) (quoting *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)). As long as the ALJ sets forth the specific evidence he relies on in evaluating the consistency of the claimant's subjective complaints with other evidence, the ALJ "need not make a formalistic factor-by-factor recitation of the evidence." *Keyes-Zachary*, 695 F.3d at 1167 (quotations omitted). "[C]ommon sense, not technical perfection, is [the reviewing court's] guide." *Id.*[2]

---

[2] This evaluation, previously termed the "credibility" analysis, is now termed the "consistency" analysis. *See* SSR 16-3p (superseding SSR 96-7p). In practice, there is little substantive difference between a "consistency" and "credibility" analysis. *See Brownrigg v. Berryhill*, 688 F. App'x 542, 545-46 (10th Cir. 2017) (finding that SSR 16-3p was consistent with prior approach taken by Tenth Circuit). Therefore, Tenth Circuit decisions regarding credibility analyses remain persuasive authority.

The Court finds no error in the ALJ's consistency analysis. After the usual "boilerplate" language determining that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," the ALJ went on to explain his reasoning at length:

> As for [Plaintiff's] statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent because [Plaintiff] has not obtained any mental health treatment nor taken any medication for mental health issues. His statement regarding his physical impairments are inconsistent with treatment records that show, as his doctor stated "super non-compliance" with INR testing. Records also show he does not always take his medication as prescribed. In terms of his complaints about his feet, he refused to let the doctors look at his feet and did not show for an appointment with a podiatrist. The claimant testified he no longer took any medication or went to the doctor. The claimant's statements regarding his limitations are not consistent with his treatment records. His lack of treatment for the past few years also indicates he is not as limited as alleged.

R. 34. The ALJ dedicated a significant portion of his opinion to explaining reasons for finding Plaintiff's subjective complaints of disabling limitations inconsistent with other evidence in the record. *Id.* All of those reasons are linked to discrepancies between Plaintiff's subjective claims and contradictory information in the objective medical records. The ALJ's statements are far more than mere "boilerplate," and the Court can discern the ALJ's reasoning, which is enough to satisfy the "substantial evidence" standard. *See Davis v. Erdmann*, 607 F.2d 917, 919 n.1 (10th Cir. 1979).

### C. ALJ Did Not Err in Analyzing VE Testimony

Plaintiff argues the ALJ erred by failing to either follow or discredit the VE's testimony in response to hypothetical questions that included limitations greater than those adopted into the RFC. In particular, Plaintiff's counsel queried the VE about a hypothetical person who would have a marked limitation in the ability to make simple, work-related judgments, and the VE responded that no competitive work would be available for such a person. R. 61-65.

Plaintiff's argument is without merit. There is no requirement that the ALJ exhaustively analyze the VE's testimony regarding limitations that the ALJ ultimately does not accept into the

8

RFC. *See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1998) (ALJ is not required to discuss every piece of evidence). To the contrary, a VE's testimony may provide substantial evidence to support an ALJ's findings regarding the jobs a claimant can perform *only* where the hypothetical question "reflect[s] with precision all of [claimant's] impairments" and limitations that are "borne out by the evidentiary record." *Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, "[a]n ALJ is not bound by VE testimony in response to a hypothetical that fails to set forth only those impairments the ALJ has accepted as true." *Ruth v. Astrue*, 369 F. App'x 929, 931 (10th Cir. 2010) (citing *Talley v. Sullivan,* 908 F.2d 585, 588 (10th Cir.1990)). "By posing a particular hypothetical, an ALJ does not confine herself to making an RFC determination mirroring the hypothetical limitations." *Id.* If this were the case, then the ALJ would be precluded from posing more than one hypothetical. *See id.* at 931 n.2. Accordingly, the Court finds no error in the ALJ's analysis of VE testimony.

      **D.**    **Appointments Clause Challenge**

There is no dispute that: (1) the ALJ who decided Plaintiff's case was not validly appointed under the Appointments Clause of the U.S. Constitution; and (2) Plaintiff failed to raise the legality of the ALJ's appointment at the administrative level. The disputed issue is whether Plaintiff waived his Appointments Clause challenge and is therefore precluded from raising the Appointments Clause challenge before this Court. The Tenth Circuit recently decided this question, holding that a social security claimant who fails to exhaust the Appointments Clause issue before the SSA waives her right to raise that issue during judicial review of the agency decision. *See Carr v. Commissioner, SSA*, 961 F.3d 1267, 1268-1275 (10th Cir. 2020) (finding no reason to depart from general rule that issue must be raised before agency for a party to seek

judicial review of agency action on that issue).[3]  Accordingly, Plaintiff waived his Appointments Clause challenge.

## V.     Conclusion

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **AFFIRMED.**

**SO ORDERED** this 28th day of September, 2020.

JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[3] Prior to the Tenth Circuit's decision in *Carr*, the undersigned and other judges in this district reached the opposite conclusion. *See, e.g., Daryn Lee W. v. Saul*, No. 18-CV-401-JFJ, 2019 WL 4751551 at *8 (N.D. Okla. Sept. 30, 2019); *Willie Earl C. v. Saul*, No. 18-CV-272-FHM, 2019 WL 2613819, at *5 (N.D Okla. June 26, 2019).